IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

SAMANTHA D. RAJAPAKSE

    Plaintiff,

vs.                                                                                                                Case No. 15-2216-JTF-cgc

WELLS FARGO HOME MORTGAGE,
and BAKER, DONELSON, BEARMAN, CALDWELL
and BERKOWITZ, P.C.

    Defendants.
_____

**ORDER**
_____

### I. Background

This matter is before the Court by way of Order of Reference (D.E. # 24). On March 31, 2015, defendant Wells Fargo Home Mortgage ("Wells Fargo") filed its Notice of Removal (D.E. # 1) of Plaintiff's Complaint filed on March 18, 2015 in the Chancery Court of Tennessee for the Thirtieth District of Tennessee at docket number CH-15-0338-1. In that Complaint, Plaintiff alleges that she and Prasad R. Rajapakse acquired the property at 5261 Algiers ("the property"), Memphis, Shelby County, Tennessee on September 2007. (Complaint, D.E. # 1-1, ¶ 1) Plaintiff and Mr. Rajapakse were divorced in July 2013 and Plaintiff was awarded full interest in the property. (Complaint, D.E. # 1-1, ¶ 5) Mr. Rajapakse remained solely liable on the mortgage. (Complaint, D.E. # 1-1, ¶ 9) When Mr. Rajapakse filed for bankruptcy, he did not list the mortgage among his debts. (Complaint, D.E. # 1-1, ¶ 7) Wells Fargo initiated foreclosure proceedings on February 26, 2015. (Complaint, D.E. # 1-1, ¶ 12) Plaintiff seeks a stay so that she can seek assistance in having the loan placed in her name and modified so that she can make

payments. (Complaint, D.E. # 1-1, ¶ 14)

On March 18, 2015, Plaintiff also filed a "Petition Seeking a Stay or Temporary Injunction of Administrative Proceedings" (Complaint, D.E. # 1-1, p5 - 6) which appears to request the same relief as the Complaint. On March 20, 2015, Plaintiff filed "Motion to Open Final Decree to Modify Divorce for Wife to be Added on Mortgage Note for Modification / Assumption of Loan of Property." (Complaint, D.E. # 1-1, p10 - 13)

On April 6, 2015, Plaintiff filed an Amended Complaint[1] alleging retaliation by Baker, Donelson, Bearman, Caldwell and Berkowitz ("Baker Donelson") against her for "[w]histleblowing against their firm and the District Court of Western Tennessee (sic) for violation of her 14th amendment right (sic) causing deprivation of her property, life and happiness and cruel and inhuman treatment." Plaintiff claims that because Baker Donelson represents both Memphis Light, Gas and Water Division ("MLGW") and Wells Fargo – both entities that Plaintiff has legal actions against – there is a retaliation scheme that violates the Anti-Trust Act. Plaintiff further claims that Baker Donelson is using "client contacts associated with Plaintiff to harass, intimidate and deprive her of her home and enjoyment of life." Plaintiff claims that Baker Donelson is operating under a conflict of interest "for fail[ing] to inform not only their client, this court and the Tennessee Board of Professional (sic) their self-interest of representing Wells Fargo while there is a pending proceeding against them before the United States Supreme Court."

## II. Notice of Commercial Lien (D.E. # 6-2) and Notice of Assignment (D.E. # 11)

Attached to the Amended Complaint is a "Notice of Commercial Lien on Defendants." (D.E. # 6-2). This document is similar to one filed in *Rajapakse v. Baker Donelson Bearman*

---

[1] Many paragraphs of the Amended Complaint are not numbered resulting in a predominantly narrative format.

*Berkowitz and Caldwell, et al*, 2:13-cv-02328-JDT-dkv. In that case, Plaintiff filed a "PRO SE NOTICE of Commercial Lien of Defendants Affidavit of Obligation by Samantha D. Rajapakse" (13-2328, D.E. #3). On May 31, 2013, Magistrate Judge Diane K. Vescovo entered an order striking the "Commercial Lien" and other related documents as not being compliant with Fed. R. Civ. P. 7 which governs pleadings allowed and the form of motions and other pleadings. (13-2328, D.E. #7).

In this case, Plaintiff has also filed a "Pro Se Notice of Assignment / Appointment of Trustee / Custodian for Commercial Lien" (D.E. # 11). As with the stricken documents in 13-2328, the Notice of Commercial Lien at D.E. # 6-2 and the Notice of Assignment at D.E. # 11 do not in any way conform to Fed. R. Civ. P. 7 and shall be stricken.

As in the 13-2328 case, Plaintiff is ordered to familiarize herself with the Federal Rules of Civil Procedure and the Local Rules of Court and to file only proper pleadings and motions with the Court. Failure of Plaintiff to comply with these requirements, this order or any other order of the Court may result in her case being dismissed without further notice.

**III.  Motion for Writ of Mandamus (D.E. # 12) / Motion for Leave to File Writ of Mandamus (D.E. # 37)**

On April 20, 2015, Plaintiff filed a "Pro Se Motion for Writ of Mandamus" (D.E. # 12) requesting information regarding insurance carriers of Baker Donelson. The Supreme Court has recognized that the writ of mandamus "has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *Will v. United States*, 389 U.S 90, 95,(1967), quoting *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26 (1943). Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this

extraordinary remedy. *Will v. United States*, supra, at 95, 88 S.Ct., at 273. A writ of mandamus is "drastic remedy," to be issued only where "a party seeking such a writ [can] satisfy two conditions: (1) that there are no other adequate means for the party to obtain the desired relief, and (2) that the party has a 'clear and indisputable' right to issuance of the writ." *Golden v. Kelsey–Hayes Co.*, 73 F.3d 648, 658 (6th Cir.1996) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam)).

Plaintiff cannot succeed as to either condition. Assuming that there was some demonstrated need for Plaintiff to have insurance policy information from an opposing party, the proper mechanism would be to seek such information through discovery. Further, Plaintiff has stated no "clear and indisputable" right to the issuance of the writ. Therefore, the Motion for Writ of Mandamus is DENIED. Further, Plaintiff seeks leave to file a second Motion for Writ of Mandamus. A review of the rationale contained in the motion leads the Court to believe that the second Motion will likewise be deficient. The Motion for Leave to File is DENIED WITHOUT PREJUDICE to refile.

**IT IS SO ORDERED** this 17th day of June, 2015.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE