IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**SAMANTHA D. RAJAPAKSE**

    **Plaintiff,**

vs.                                                                   Case No. 15-2216-JTF-cgc

**WELLS FARGO HOME MORTGAGE,**
**and BAKER, DONELSON, BEARMAN, CALDWELL**
**and BERKOWITZ, P.C.**

    **Defendants.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Order of Reference (D.E. # 24), are the following motions:

- Wells Fargo's Motion to Dismiss (D.E. # 5)

- Plaintiff's Objection to Removal from Chancery Court (D.E. # 7)

- Wells Fargo's Motion to Dismiss Amended Complaint (D.E. # 14)

- Plaintiff's Motion to Strike Wells Fargo's Answer (D.E. # 16)

- Baker Donelson's Motion to Dismiss (D.E. # 17)

- Plaintiff's Motion to Disqualify Counsel (D.E. # 25) and

- Plaintiff's Petition to Set Aside Scheduled Foreclosure (D.E. # 27)

As these motions may be considered dispositive, following is the undersigned's Report and Recommendation as to the disposition of the motions pursuant to 28 U.S.C.§ 636(b)(1)(B).

### I.  Background

On March 31, 2015, defendant Wells Fargo Home Mortgage ("Wells Fargo") filed its Notice of Removal (D.E. # 1) of Plaintiff's Complaint filed on March 18, 2015 in the Chancery

Court of Tennessee for the Thirtieth District of Tennessee at docket number CH-15-0338-1. In that Complaint, Plaintiff alleges that she and Prasad R. Rajapakse acquired the property at 5261 Algiers ("the property"), Memphis, Shelby County, Tennessee on September 2007. (Complaint, D.E. # 1-1, ¶ 1) Plaintiff and Mr. Rajapakse were divorced in July 2013 and Plaintiff was awarded full interest in the property. (Complaint, D.E. # 1-1, ¶ 5) Mr. Rajapakse remained solely liable on the mortgage. (Complaint, D.E. # 1-1, ¶ 9) When Mr. Rajapakse filed for bankruptcy, he did not list the mortgage among his debts. (Complaint, D.E. # 1-1, ¶ 7) Wells Fargo initiated foreclosure proceedings on February 26, 2015. (Complaint, D.E. # 1-1, ¶ 12) Plaintiff seeks a stay so that she can seek assistance in having the loan placed in her name and modified so that she can make payments. (Complaint, D.E. # 1-1, ¶ 14)

On March 18, 2015, Plaintiff also filed a "Petition Seeking a Stay or Temporary Injunction of Administrative Proceedings" (Complaint, D.E. # 1-1, p5 - 6) which appears to request the same relief as the Complaint. On March 20, 2015, Plaintiff filed "Motion to Open Final Decree to Modify Divorce for Wife to be Added on Mortgage Note for Modification / Assumption of Loan of Property." (Complaint, D.E. # 1-1, p10 - 13)

On April 6, 2015, Plaintiff filed an Amended Complaint[1] alleging retaliation by Baker, Donelson, Bearman, Caldwell and Berkowitz ("Baker Donelson") against her for "[w]histleblowing against their firm and the District Court of Western Tennessee (sic) for violation of her 14th amendment right (sic) causing deprivation of her property, life and happiness and cruel and inhuman treatment." Plaintiff claims that because Baker Donelson represents both Memphis Light, Gas and Water Division ("MLGW") and Wells Fargo – both entities that Plaintiff has legal actions against – there is a retaliation scheme that violates the

---

[1] Many paragraphs of the Amended Complaint are not numbered resulting in a predominantly narrative format.

Anti-Trust Act. Plaintiff further claims that Baker Donelson is using "client contacts associated with Plaintiff to harass, intimidate and deprive her of her home and enjoyment of life." Plaintiff claims that Baker Donelson is operating under a conflict of interest "for fail[ing] to inform not only their client, this court and the Tennessee Board of Professional (sic) their self-interest of representing Wells Fargo while there is a pending proceeding against them before the United States Supreme Court."

## II. Plaintiff's Objection to Removal (D.E. # 7)

The original Complaint in this matter was removed from Chancery Court pursuant to 28 U.S.C.§§ 1332, 1441 and 1446. Generally, a civil action brought in state court can be removed to the proper federal court if it could have been brought there originally. 28 U.S.C. § 1441. Federal district courts have original diversity jurisdiction when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a). The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir.2006). This standard requires the moving party to demonstrate by a preponderance of the evidence not only the diverse citizenship of the parties but also that the jurisdictional amount has been met. See *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571–72 (6th Cir.2001); *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir.2010).

In the Notice of Removal (D.E. # 1), Wells Fargo avers that Plaintiff "alleges an interest in the residential property located at 5261 Algiers Drive and that property's assessed value is $78,300." (Complaint ¶¶ 15-17) and that there is complete diversity as "Plaintiff is, upon information and belief, a resident and citizen of Tennessee (Complaint ¶¶ 1, 4) [and] Wells Fargo

[…] is a federally chartered bank with its main office located in Sioux Falls, South Dakota." (D.E. # 1, ¶¶ 8, 9) Plaintiff in objecting to removal of the action does not contest either the amount in controversy or the diversity of citizenship of the parties. Instead, Plaintiff claims that the Complaint was removed in retaliation for whistleblowing. The objection to removal, like many of Plaintiff's filings in this case, is rambling and at times incoherent[2]. Because Plaintiff's objection does not refute the amount in controversy or the diversity of citizenship of the parties, it appears to the undersigned that diversity jurisdiction is appropriate pursuant to 28 U.S.C.§ 1332 and it is RECOMMENDED that the Objection to Removal (which the undersigned has construed as a Motion to Remand) be DENIED.

### III. Plaintiff's Motion to Disqualify Counsel (D.E. # 25)

Plaintiff moves to disqualify Bradley Trammell and the Baker Donelson law firm based on what she perceives as a conflict of interest because Baker Donelson represents both Wells Fargo and itself in the instant case[3].

A motion to disqualify is the proper method for an opposing party to bring potential breaches of ethical conduct to the court's attention. *Hamrick v. Union Township*, 81 F.Supp.2d 876, 878 (S.D.Ohio 2000) (citing *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir.1980)). The Court has inherent authority to supervise the professional conduct of attorneys appearing before it. *United States v. Miller*, 624 F.2d 1198, 1201 (3rd Cir.1980); *Carlsen v.*

---

[2] For example, Plaintiff claims that she has "evidence involving abuse of a monopoly in an antitrust." Further, Plaintiff claims that "Writ of Certarior(sic) was granted April 3rd 2015" in U.S. Supreme Court docket number14-8234. A review of the U.S. Supreme Court docket indicates that Ms. Rajapakse's petition was denied on April 6, 2015 and that her petition for rehearing was denied on June 1, 2015.
http://www.supremecourt.gov/search.aspx?filename=/docketfiles/14-8234.htm

[3] Defendants filed a Motion to Strike Plaintiff's Motion (D.E. # 26). Fed. R. Civ. P. 12(f) provides a mechanism for striking pleadings. Motions are not pleadings. *See*, Fed. R. Civ. P. 7. The Rules of Civil Procedure provide for responses to motions. The Motion to Strike at D.E. # 26 will be denied by separate order and will be construed as a response to the Motion to Disqualify.

*Thomas*, 159 F.R.D. 661, 663 (E.D.Ky.1994). Therefore, the Court has inherent authority to disqualify an attorney. *Miller*, 624 F.2d at 1201; *Carlsen*, 159 F.R.D. at 663.

The party seeking disqualification of counsel bears the burden of proof. *Wells v. Wharton*, 2005 WL 3309651, at *3 (Tenn.Ct.App. Dec.7, 2005); *Hamrick*, 81 F.Supp.2d at 880 (citing *Standwood Corp. v. Barnum*, 575 F.Supp. 1250, 1252 (W.D.N.C.1983)); *Carlsen*, 159 F.R.D. at 669. When weighing a motion to disqualify counsel, the Court is tasked with upholding the highest ethical standards of the profession, protecting litigants' interests, and maintaining the integrity of the judicial process. *Bartech Indus., v. Int'l Baking Co.*, 910 F.Supp. 388, 392 (E.D.Tenn.1996) (citing *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir.1988)); *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704 (6th Cir.1982). Additionally, a court must balance the competing public interests of requiring professional conduct by an attorney and permitting a party to retain its chosen counsel. *Hamrick*, 81 F.Supp.2d at 878. Whether to disqualify an attorney turns on the peculiar factual situation of the case. *In re Mechem*, 880 F.2d 872, 874 (6th Cir.1989) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981)). Finally, a court must view a motion for disqualification with extreme caution because it can easily be misused as a harassment technique. *Hamrick*, 81 F.Supp.2d at 878.

Plaintiff lacks standing to challenge Baker Donelson's ability to represent both Wells Fargo and Baker Donelson. To the extent that Baker Donelson's client, Wells Fargo, believes that Baker Donelson's representation of Wells Fargo and the law firm itself constitutes a conflict under Tennessee Rule of Professional Conduct 1.7 then Wells Fargo is most appropriately suited to bring that conflict of interest to the attention of Baker Donelson and to the Court. For these reasons, it is RECOMMENDED that the Motion to Disqualify be DENIED.

## IV. Plaintiff's Petition to Set Aside Scheduled Foreclosure (D.E. # 27)

Plaintiff filed a petition to stay or enjoin foreclosure of the property at 5261 Algiers Drive with her initial complaint (D.E. # 1-1, p 5[4]) and at docket entry 27. According to the petition, the foreclosure sale is scheduled for June 18, 2015. Plaintiff alleges that her 14th Amendment due process rights will be violated if the property is sold. Wells Fargo, in its response, argues that Plaintiff cannot satisfy any of the preliminary injunction factors under Fed. R. Civ. P. 65.

Under Rule 65, courts are to consider four factors when deciding whether to grant temporary or permanent injunctions: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 233 (6th Cir.2011) (citation omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24, (2008) (citation omitted). Before issuing an injunction, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542, (1987).

Further, in a case brought under federal diversity jurisdiction, the district court must generally apply the substantive law of the forum state. See, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). While Rule 65 dictates the standard under which a district court may issue a preliminary injunction, "state law determines whether the state law cause of action can support an injunction." *John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F.Supp.2d 462, 478

---

[4] In the Chancery Court case, Chancellor Walter Evans entered a Fiat (D.E. # 1-1, p. 9) on March 18, 2015 issuing a Temporary Restraining Order and setting a hearing date on April 1, 2015 for Wells Fargo to show why Plaintiff was not entitled to the relief sought. The case was removed to U.S. District Court on March 31, 2015.

6

(S.D.N.Y.2000). Thus, when state law both creates a cause of action and precludes injunctive relief under that cause of action, a federal court is precluded from granting injunctive relief. *Id*. Otherwise, "[i]t would be anomalous to grant preliminary relief on a state law claim that would be unavailable were this case brought in a state court." *Id*. In Tennessee, proceedings to enjoin foreclosures of real property are governed by Tenn. Code Ann. § 29-23-202 (2014). The statute requires that "the party applying for relief in such case shall distinctly state how, when, and to whom the debt or any part of the debt secured aforementioned has been paid, or any circumstances of fraud which vitiate the contract." Thus, the Rule 65 standard will be applied to the grounds for relief under Tenn. Code Ann. § 29-23-202 (2014).

As to the first factor, likelihood of success on the merits, it is recommended that Plaintiff is unlikely to meet the statutory requirements to enjoin the foreclosure sale. Plaintiff does not plead in her complaint, amended complaint or her petitions either of the elements required by the statute. On balance, the remaining factors – irreparable injury, harm to others and the public interest - do not favor Plaintiff. While the loss of the property may cause injury to Plaintiff, that fact is balanced by the interest that Wells Fargo has in collecting on the obligation that it entered into with Mr. Rajapakse. Plaintiff does not argue the factors regarding harm to others and the public interest. Therefore, it is RECOMMENDED that Plaintiff's Petition to Set Aside Foreclosure be DENIED.

V. **Plaintiff's Motion to Strike Wells Fargo's Answer (D.E. # 16)**

Plaintiff moves the court to strike Wells Fargo's Answer on the grounds that there is a conflict of interest pursuant to Tenn. Code Ann. § 12-4-101. The undersigned has addressed Plaintiff's concerns regarding conflict of interest in this case (see section III above). The statute cited by Plaintiff concerns conflicts of interest in public contracts and has no relevance to the

case at issue.  Further, Fed. R. Civ. P. 12(f) sets forth the bases for striking a pleading.  Plaintiff has not alleged that Wells Fargo has pled an "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Finally, a review of the docket indicates that Wells Fargo has not filed an answer in the case but has filed two motions to dismiss (D.E. # 5 and 14).  Therefore, there is no answer to strike.  It is RECOMMENDED that the Motion to Strike be DENIED AS MOOT.

## VI. Wells Fargo's Motion to Dismiss (D.E. # 5) / Wells Fargo's Motion to Dismiss Amended Complaint (D.E. # 14) / Baker Donelson's Motion to Dismiss (D.E. # 17)

Wells Fargo and Baker Donelson have filed Motions to Dismiss the Complaint and Amended Complaints in this action.  Plaintiff has responded to the motions by reciting the history of previous cases involving Memphis Light, Gas and Water Division, the alleged conflict of interest (which has been addressed in section III above) and alleged antitrust violations without ever directly addressing the substance of the motions under consideration.

Fed. R. Civ. P. 12(b)(6) permits the court to dismiss a complaint when the plaintiff has failed to state a claim for which relief can be granted.  In order to survive a dismissal motion, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir.2009)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Pleadings that … are no more than conclusions [ ] are not entitled to assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams v. Curtin*, 631 F.3d 380, 383

(2011) (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989); see also *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir.2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir.2003) (affirming sua sponte dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir.2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

In the initial Complaint against Wells Fargo[5], Plaintiff does not state specifically what her claim for relief is aside from a request to enjoin foreclosure[6]. Because the complaint, amended complaint and petitions to enjoin foreclosure do not satisfy the statutory requirements to enjoin foreclosure (see Section IV above), it is RECOMMENDED that the Complaint does not state a claim for which relief may be granted and Wells Fargo's Motion to Dismiss should be GRANTED.

---

[5] The Amended Complaint filed on April 6, 2015 (D.E. # 6) does not state any new allegations as to Wells Fargo.
[6] While the complaint makes some mention of Plaintiff's efforts to either assume the note or have the loan modified, Plaintiff does not allege any facts to support any contractual relationship between Plaintiff and Wells Fargo which would allege a claim for relief under the note or a modification plan.

9

The Amended Complaint alleges violations by Baker Donelson of the Sherman Antitrust Act, 15 U.S.C.§§ 1-7. The allegations are similar to those in *Rakapakse v Baker Donelson,* 13-cv-2328-JDT-dkv, 2013 WL 3995253 (W.D. Tenn Aug. 5, 2013). As was explained in the Report and Recommendation in that case (which was subsequently adopted in its entirety), the Sherman Antitrust Act concerns and prohibits "certain business activities of an anticompetitive nature." *Id* at *9. None of the allegations in the Amended Complaint concern anticompetitive conduct. Further, Plaintiff does not specify which, if any statutory provision of the Sherman Act is applicable to her case. Therefore, it is RECOMMENDED that the Amended Complaint does not state a claim for which relief may be granted and that Baker Donelson's Motion to Dismiss should be GRANTED.

## VII. Conclusion

Therefore, based on the foregoing, it is RECOMMENDED that the listed Motions be disposed of as follows:

- Wells Fargo's Motion to Dismiss (D.E. # 5) - GRANTED
- Plaintiff's Objection to Removal from Chancery Court (D.E. # 7) - DENIED
- Wells Fargo's Motion to Dismiss Amended Complaint (D.E. # 14) – GRANTED (with D.E. # 5)
- Plaintiff's Motion to Strike Wells Fargo's Answer (D.E. # 16) - DENIED
- Baker Donelson's Motion to Dismiss (D.E. # 17) - GRANTED
- Plaintiff's Motion to Disqualify Counsel (D.E. # 25) - DENIED and
- Plaintiff's Petition to Set Aside Scheduled Foreclosure (D.E. # 27) - DENIED

Signed this 17th day of June, 2015.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**