# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA D. RAJAPAKSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-02216-JTF-cgc |
| | ) | |
| WELLS FARGO HOME MORTGAGE and BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION, ORDER ON REMAINING PENDING MOTIONS, AND ORDER OF DISMISSAL

Before the Court comes Plaintiff Samantha D. Rajapakse's *pro se* Complaint against the Defendants. (ECF No. 1-1 at pp. 2-4). This case was referred to the United States Magistrate Judge for management and all pretrial matters for determination and/or report and recommendation as appropriate. (ECF No. 24). Pursuant to such Order, on June 17, 2015, the Magistrate Judge issued her Report and Recommendation that, *inter alia*, recommends dismissal of Plaintiff's Complaint. (ECF No. 40). On June 18, 2015, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 42). On June 30, 2015, Plaintiff filed further objections to the Magistrate Judge's Report and Recommendation. (ECF No. 43).

Upon review of the entire record and for the following reasons, the Court finds the Magistrate Judge's Report and Recommendation ADOPTED.

1

I. **FACTUAL HISTORY**

The Plaintiff has filed no specific objection to the Magistrate Judge's proposed findings of fact. *See* (ECF Nos. 42, 43). Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 40 at pp. 1-3).

Further, the Court finds it necessary to list all remaining pending motions within this matter:

- Motion to Dismiss Submitted by Wells Fargo, (ECF No. 5);

- Plaintiff's Objection to Removal, et al., (ECF No. 7);

- Plaintiff's Motion Petitioning Injunctive Order, (ECF No. 10);

- Motion to Dismiss Amended Complaint Submitted by Wells Fargo, (ECF No. 14);

- Plaintiff's Motion to Strike Defendant's Answer, (ECF No. 16);

- Motion to Dismiss Submitted by Baker Donelson, (ECF No. 17);

- Motion to Strike Plaintiff's "Notice of Assignment/Appointment", (ECF No. 18) (referring to ECF No. 11);

- Motion to Strike or Otherwise Deny Plaintiff's Writ of Mandamus, (ECF No. 19) (referring to ECF No. 12);

- Motion to Strike Plaintiff's Motion to Strike Defendant's Answer, (ECF No. 20) (referring to ECF No. 16);

- Plaintiff's Motion Petitioning the Court to Disqualify Counsel, (ECF No. 25);

- Motion to Strike Plaintiff's Motion Petitioning the Court to Disqualify Counsel, (ECF No. 26) (referring to ECF No. 25);

- Plaintiff's Petition to Set Aside Schedule[d] Foreclosure, (ECF No. 27);

- Motion to Strike or Otherwise Deny Plaintiff's Petition to Set Aside Schedule[d] Foreclosure, (ECF No. 29) (referring to ECF No. 27);

- Plaintiff's Objection to Magistrate Judge's Report, et al., (ECF No. 42);

- Plaintiff's Motion to Change Venue, et al., (ECF No. 43); and

- Plaintiff's Motion for Criminal Indictments, et al., (ECF No. 45).

## II. STANDARD OF REVIEW

### A. Review of a Magistrate Judge's Determination

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

### B. Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This allows the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if *everything alleged* in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (emphasis added) (citing *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)).

When evaluating a motion to dismiss under Fed. R. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (first alteration in original) (quoting *Twombly*, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain detailed factual allegations, a plaintiff's "[]bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the . . . court to draw on its experience and common sense." *Id.* at 663-64 (citing *Twombly*, 550 U.S. at 556). When undertaking a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the Court may look to "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint'" for guidance. *Barany-Synder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001))).

### III. ANALYSIS

#### A. The Magistrate Judge's Report and Recommendation

In her Report and Recommendation, the Magistrate Judge proposed the following conclusions of law:

1. Plaintiff's Objection to Removal, et al., (ECF No. 7)

The Magistrate Judge states that Plaintiff did not contest that this matter is in excess of $75,000, or that there was complete diversity in this matter at the time of removal. (ECF No. 40 at pp. 3-4). As such, the Magistrate Judge recommends that Plaintiff's Objection to Removal be DENIED.

2. Plaintiff's Motion Petitioning the Court to Disqualify Counsel, (ECF No. 25)

The Magistrate Judge concluded that Plaintiff lacks standing to challenge any possible conflict of interest in the instant case requiring disqualification. (ECF No. 40 at pp. 4-5).[1] As such, the Magistrate Judge recommends that Plaintiff's Motion Petitioning the Court to Disqualify Counsel be DENIED.

3. Plaintiff's Petition to Set Aside Scheduled Foreclosure, (ECF No. 27)[2]

The Magistrate Judge determined that Plaintiff has not sufficiently pled any factor for a preliminary injunction under Fed. R. Civ. P. 65 or Tenn. Code Ann. § 29-23-202. (ECF No. 40 at pp. 6-7). As such, the Magistrate Judge recommends that Plaintiff's Petition to Set Aside Scheduled Foreclosure be DENIED.

4. Plaintiff's Motion to Strike Defendant's Answer, (ECF No. 16)

The Magistrate Judge concluded that Plaintiff did not provide a relevant basis for striking Defendant Wells Fargo's answer.[3] (ECF No. 40 at pp. 7-8). As such, the Magistrate Judge recommends that Plaintiff's Motion to Strike Defendant's Answer be DENIED.

---

1. Nor is there a basis in the record for finding a conflict of interest.

2. Plaintiff moved for such relief in ECF No. 1-1 at pp. 5-6, ECF No. 10, and ECF No. 27.

3. Defendant Wells Fargo has not in fact filed an answer.

5. Defendants' Motions to Dismiss, (ECF Nos. 5, 14, & 17)

The Magistrate Judge concluded that Plaintiff did not provide sufficient factual allegations taken as true to state a claim for which relief may be granted.[4] (ECF No. 40 pp. 8-10). Nor did Plaintiff address any substantive argument raised by the Defendants. *Id.* As such, the Magistrate Judge recommends that Defendants' Motions to Dismiss be GRANTED.

**B. *De Novo* Review of the Magistrate Judge's Report and Recommendation**

Although Plaintiff filed documents entitled "Objection of Magistrate's Report," Plaintiff failed to file any specific objection to the Magistrate Judge's findings of fact or conclusions of law. *See* (ECF No. 42); *see also* (ECF No. 43). The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the parties could find objection. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

---

4. Plaintiff never alleged any facts supporting a contractual obligation in this matter. (ECF No. 40 at p. 9 n.6).

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law in dismissing this case. Contrary to Plaintiff's claim that "[i]t doesn't matter what Plaintiff cite[s] to support her claim [whether it be] from the United States Supreme Court or the Court of Appeals, this court will not be fair with Plaintiff in preserving her 14th [A]mendment right and will continue to ignore her evidence, assist Baker Donelson in causing damages, refuse to be fair, and will do whatever in concealing the truth from being expose[d]," this Court is obligated to review the Magistrate Judge's recommendation under a *de novo* standard; just as Plaintiff was obligated to make specific objections to the Magistrate Judge's Report and Recommendation. To that extent, Plaintiff has offered neither case law nor facts for this Court to "ignore". Neither Plaintiff nor the entirety of the record has offered this Court with any evidence to support Plaintiff's claim to enjoin foreclosure.[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Upon review of the entire record, this Court finds the Magistrate Judge's analysis and recommendation proper.

As to Plaintiff's additional filing of a Motion for Criminal Indictments, et al., (ECF No. 45), this Court finds it similarly incomprehensible and DENIED. Further, with the Magistrate Judge striking Plaintiff's Notice of Assignment/Appointment, (ECF No. 11), the Motion to Strike Plaintiff's "Notice of Assignment/Appoint," (ECF No. 18), is DENIED as MOOT.

---

5. As stated by the Magistrate Judge, Plaintiff's filings are incomprehensible. (ECF No. 40 at p. 4). Plaintiff's filings primarily attack the integrity of this Court without going into the substance of the case at hand. There is no basis for Plaintiff to claim that this Court has at any time disadvantaged her based on her race, socioeconomic status, or *pro se* status. Nor has this Court ever lacked impartiality in this matter. The dismissal of this claim is completely a function of poor pleading and lack of merit. As such, the Court would be amenable to a full briefing of Defendant Baker Donelson's request to enjoin Plaintiff from further related case filings. *See* (ECF No. 34 at p. 3).

Additionally, with the Magistrate Judge denying Plaintiff's Writ of Mandamus, (ECF No. 12), the Motion to Strike or Otherwise Deny Plaintiff's Writ of Mandamus, (ECF No. 19), is DENIED as MOOT. All other remaining Motions to Strike are DENIED.[6] *See* (ECF Nos. 20, 26, 29).

## IV. CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation, (ECF No. 40). Therefore, the Defendants' Motions to Dismiss are GRANTED, (ECF Nos. 5, 14, 17); Plaintiff's Objection to Removal, et al., is DENIED, (ECF No. 7); Plaintiff's Motion to Strike Defendant's Answer is DENIED, (ECF No. 16); Plaintiff's Motion Petitioning the Court to Disqualify Counsel is DENIED, (ECF No. 25); Plaintiff's Petition to Set Aside [or enjoin] Schedule[d] Foreclosure is DENIED, (ECF Nos. 1-1, 10, 27); Plaintiff's Objections to Magistrate Judge's Report, et al., are DENIED, (ECF Nos. 42, 43); Plaintiff's Motion for Criminal Indictments, et al., is DENIED, (ECF No. 45); the Motion to Strike Plaintiff's "Notice of Assignment/Appoint," (ECF No. 18), is DENIED as MOOT; the Motion to Strike or Otherwise Deny Plaintiff's Writ of Mandamus, (ECF No. 19), is DENIED as MOOT. and the remaining Motions to Strike are DENIED, (ECF Nos. 20, 26, 29).

As such, this case is DISMISSED with PREJUDICE.

**IT IS SO ORDERED** on this 9th day of July, 2015.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge

---

6. Under Fed. R. Civ. P. 12(f), motions to strike are intended for pleadings. *See also* Fed. R. Civ. P. 7 (defining "pleadings").